

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2002

# Laraia v. Beaver

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Laraia v. Beaver" (2002). *2002 Decisions.* Paper 398.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/398

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No: 01-2973
_____


LOUIS A. LARAIA,

Appellant

v.

COUNTY OF BEAVER
_____


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 99-cv-02032)
District Judge: Donetta W. Ambrose
_____



Submitted Under Third Circuit LAR 34.1(a)
on May 2, 2002


Before: ROTH and STAPLETON, Circuit Judges
POLLAK*, District Judge


(Opinion filed : July 15, 2002  )



* Honorable Louis H. Pollak, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation



O P I N I O N


ROTH, Circuit Judge:

Plaintiff-Appellant Louis LaRaia appeals from an order dismissing his lawsuit. We will affirm.

Although Mr. LaRaia is represented by counsel, his filings with the District Court and with this Court are so disorganized they are nearly incoherent.  As best as we can tell, however, LaRaia felt Beaver County, Pennsylvania violated his constitutional rights by prosecuting him for Cruelty to Animals in violation of Pennsylvania [Common Statute] 5511(a) for killing a hunting dog that wandered onto his property.  LaRaia was convicted of killing the dog in 1987.  By 1995, he had exhausted his appeals.  See Commonwealth v. LaRaia, 668 A.2d 1126 (Pa. 1995)(denying a Petitions for Allowance of Appeal); LaRaia v. Pennsylvania, 506 U.S. 815 (1992)(denying certiorari)

After his final appeal was denied, LaRaia waited more than four years to file the instant action.  On December 15, 1999, he sued Beaver County, Pennslyvania, pursuant

to 42 U.S.C.    1983, 1985, and 1986.  He also filed suit directly under the Equal Protection Clause of the 14th Amendment.  The District Court dismissed all his claims: his statutory claims because they were barred by the statute of limitations, and his equal protection claim because he failed to allege that he was selectively treated due to improper., discriminatory motive.  LaRaia has now appealed to this court.

He raises three issues on appeal, only two of which we must address.  LaRaia first contends that the statute of limitations has not run on his statutory claims.  In Pennsylvania, claims asserted under 42 U.S.C.    1983 and 1985 are subject to a two year statute of limitations.  See Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 59 (3rd Cir. 1998); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3rd Cir. 1989).  Claims asserted under   1986 are subject to a one year statute of limitations.  See Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3rd Cir. 1989).  The conduct underlying each of these claims occurred, at the latest, in 1995, when LaRaia's final appeal was denied.  That means he filed suit at least two years after the statute of limitation expired on his    1983 and 1985 claims, and at least three years after the statute of limitation expired on his   1986 claims.  As a result we will affirm the District Court's dismissal of his statutory claims.

LaRaia also contends that the District Court erred by dismissing his equal protection claim.  The reasons he gives for this contention are indecipherable.  Our best understanding of his contention is that the District Court lacked jurisdiction to dismiss the equal protection claim in his Amended Complaint because it dismissed that claim for different reasons when he raised it in his First Complaint.  We find this argument devoid of merit.  In addition, the failure to allege that a classification is irrational is a proper ground for dismissal.  See Olech v. Village of Willowbrook, 528 U.S. 562 (2000).  We will therefore affirm the dismissal of LaRaia's equal protection claim.

LaRaia's third assignment of error addresses the merits of his case, but, because we will affirm the dismissal of all his claims on other grounds, we need not address it. We will therefore affirm the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

                                        BY THE COURT:

                                        /s/ Jane R. Roth
                                              Circuit Judg